Argued September 5, petition dismissed September 8, 1978

ANDERSON et al, *Petitioners,*

*v.*

PAULUS, *Defendant.*

(SC 25768)

583 P2d 534

Richard P. Benner, Portland, argued the cause for petitioners. On the brief was Henry R. Richmond III, Portland.

John A. Reuling, Jr., Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

PER CURIAM.

## PER CURIAM.

This proceeding arose out of the same events as did *State ex rel Anderson v. Paulus,* decided today. As we explained there, the Secretary of State refused to accept for publication in the Voters' Pamphlet a revised explanatory statement prepared pursuant to ORS 254.222. In the mandamus case, we held that her refusal to do so was justified. In this proceeding petitioners seek review, pursuant to ORS 254.230,[1] of the statement provided by the Legislative Counsel Committee which the Secretary proposes to publish in the pamphlet as the explanatory statement for the measure.[2] Review in this court under ORS 254.230 is available upon the petition of "any person" and its purpose is to determine whether the proposed explanatory statement for a ballot measure is "insufficient or unclear." Review is available if the petition is

---

[1] "(1) Any person dissatisfied with a revised statement, or a statement for which suggestions were offered at or before the hearing provided by ORS 254.222, may petition the Supreme Court praying for a different statement and setting forth reasons why the statement filed with the court is insufficient or unclear. If the petition is filed within five days after the deadline for filing a revised statement with the Secretary of State, the court shall review the statement, hear arguments, if any, and certify to the Secretary of State a statement which meets the requirements of this section.

"(2) The review by the Supreme Court shall be determined expeditiously as may be appropriate for the orderly and timely circulation of initiative and referendum petitions or for the orderly and timely conduct of the election at which the measure is to be submitted to the voters. The statement so certified shall be the statement which appears in the voters' pamphlet."

[2] ORS 254.225 provides:

"(1) The Legislative Counsel Committee shall cause to be prepared, and shall file with the Secretary of State, an explanatory statement in the manner and form provided in ORS 254.222 for each measure to be submitted to the people of the state by initiative or referendum.

"(2) If an explanatory statement is not filed by the committee in the manner provided by ORS 254.222, the statement referred to in subsection (1) of this section shall be considered the explanatory statement of the measure."

filed within five days after the deadline for filing a revised statement with the Secretary of State.[3]

■ We dismiss the petition because it was not timely filed. The last day for filing a revised statement with the Secretary of State was August 4, 1978. Therefore, the last day to file a petition for review of the explanatory statement was August 9, 1978. This petition was filed on August 11, two days late.

We note that the petition was filed within three days of the Secretary's announcement on August 8 that she proposed to publish the statement by the Legislative Counsel Committee instead of that prepared by the committee of which petitioners are members. We note also the possibility under the present statutory language that the Secretary might not make such an announcement until after the five-day period for filing for review had expired, precluding review entirely.

There was, however, no unfairness to petitioners in the present case. The Secretary informed them on August 4 that the committee's revised statement was conditionally accepted for filing, subject to the results of a consultation with the Attorney General. They were, therefore, aware on that date that there was a possibility that the Legislative Counsel Committee's statement might be the one accepted for publication. They were not caught unawares by the Secretary's later announcement to that effect.

■ In any event, the statutory time period is clear and we believe it was intended to be jurisdictional. There is no provision in the statute for waiver by either the Secretary or this court.

The petition must be dismissed as untimely filed.

---

[3]We are assuming for the purposes of this opinion, but not deciding, that the procedures provided by ORS 254.222 and 254.230 apply to the statement of the Legislative Counsel Committee filed with the Secretary of State pursuant to ORS 254.225.